**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2048
_____

OSCAR PORTER,
Appellant

v.

ADMINISTRATOR OF THE NEW JERSEY STATE PRISON;
ATTORNEY GENERAL OF THE STATE OF NEW JERSEY
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-17-cv-02796)
District Judge:  Honorable Madeline C. Arleo
_____

Submitted under Third Circuit L.A.R. 34.1(a)
May 28, 2021
_____

Before: GREENAWAY, JR., SHWARTZ, <u>Circuit Judges</u>, and ROBRENO, <u>District Judge</u>.[*]

(Filed:  July 12, 2021)
_____

OPINION[**]
_____

_____

[*] The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.
[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROBRENO, <u>District Judge</u>.

Oscar Porter appeals the denial by the United States District Court for the District of New Jersey of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We will affirm the district court's denial.

## I.     Background

In June 2005, Porter was convicted of, inter alia, robbery, aggravated assault, and attempted murder. Specifically, Porter and two other men were alleged to have dragged the victims, David Veal and Rayfield Ashford, into an alley, robbed them, and shot them. Ashford died. Veal survived and identified Porter as the shooter.

Porter contends that his trial counsel was ineffective for: (1) failing to investigate and present testimony from his girlfriend, Katrina Adams, that he was at home with her at the time of the crimes; and (2) failing to investigate and present testimony from Adams and another woman, Rashana Lundy, that Porter was friends with Ashford, the deceased victim, and that Ashford would have invoked that friendship had Porter threatened him with a gun.

In January 2008, Porter filed a petition for post-conviction relief ("PCR") alleging in part ineffective assistance of trial counsel for failing to investigate and call the two witnesses. The PCR court denied the petition without an evidentiary hearing. The New Jersey Supreme Court ultimately reversed the denial and remanded the case for an evidentiary hearing on Porter's claim that he was denied effective assistance because of counsel's failure to investigate Adams and her alibi evidence. *State v. Porter*, 80 A.3d 732, 735, 740-41 (N.J. 2013). In addition, the New Jersey Supreme Court held that,

2

although Porter had not made a prima facie showing of entitlement to an evidentiary hearing regarding Lundy's testimony on the friendship between Porter and Ashford, on remand the PCR court could consider whether counsel was ineffective for this reason as well. *Id.* at 740.

In June 2014, the PCR court held the evidentiary hearing but limited it to counsel's failure to investigate Adams's alibi evidence and prohibited Porter from calling Lundy. The PCR court again denied Porter's petition. After the denial was affirmed, *State v. Porter*, No. A-0530-14T4, 2016 WL 4575702, *3 (N.J. Super. Ct. App. Div. Sept. 2, 2016), Porter filed a Section 2254 petition for a writ of habeas corpus in the district court. After the district court denied Porter's petition in April 2020, *Porter v. Johnson*, No. 17-2796, 2020 WL 2079267, at *1 (D.N.J. Apr. 29, 2020), we granted a certificate of appealability on Porter's claims that: (1) he was denied effective assistance of counsel when trial counsel failed to interview and call Adams and Lundy; and (2) the district court should have granted an evidentiary hearing to consider Lundy's proffered testimony. Both parties agree that the last reasoned state court decision on the merits is the PCR court's June 10, 2014 opinion.

## II.     Discussion

The district court had jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. When a district court bases its decision on the state court record without holding an evidentiary hearing, as is the case here, we apply a plenary standard of review. *Branch v. Sweeney*, 758 F.3d 226, 232 (3d Cir. 2014).

3

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner is entitled to habeas relief only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

A decision is "contrary to" established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An application of clearly established law is "unreasonable" if the court identifies the correct governing rule but applies it to the facts of the case in a manner that is not merely erroneous, but "objectively unreasonable." *Id.* at 409-10; *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). In other words, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

While our review of a district court's decision is plenary, the AEDPA requires us to give considerable deference to the determinations of the state courts. *Palmer v. Hendricks*, 592 F.3d 386, 391-92 (3d Cir. 2010).

Porter claims that the PCR court applied the Supreme Court precedent of *Strickland v. Washington*, 466 U.S. 668 (1984), in an objectively unreasonable manner when analyzing his claims of ineffective assistance for counsel's failure to investigate and call Adams and Lundy. Under *Strickland*, a petitioner alleging ineffective assistance of counsel must first show that counsel's performance was deficient. 466 U.S. at 687.

4

"This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, a petitioner must show that the deficient performance caused prejudice. *Id.* "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Judicial scrutiny of counsel's performance must be highly deferential," and "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689, 690. In light of the deference given to the state court under the AEDPA, as well as the deference given to trial counsel's decisions under *Strickland*, our review is "doubly deferential." *Yarborough*, 540 U.S. at 6.

Porter also claims that the district court abused its discretion by declining to hold an evidentiary hearing regarding Lundy's testimony. *See Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (providing that whether to hold an evidentiary hearing is within the discretion of the district court).

**A.    The PCR court did not unreasonably apply the performance prong of *Strickland* in determining that trial counsel did not provide ineffective assistance for failing to present the alibi testimony**

Porter first argues that the PCR court unreasonably applied the performance prong of *Strickland* by concluding that trial counsel's assistance was not ineffective even though he failed to investigate Adams's alibi claim and call Adams as an alibi witness.[1]

During the PCR court's evidentiary hearing, trial counsel explained his decision not to call Adams at trial, stating that: (1) he typically did not like to use relatives or close friends as alibi witnesses because they could be biased; (2) Adams was Porter's paramour; (3) Adams was young; and (4) after speaking with Porter about what Adams remembered, he concluded that she did not have a good recollection of events. Trial counsel testified that "one of the worst things you can do as a defense attorney in a homicide case . . . is to put on a bad alibi witness." App. 160. Counsel further testified that, instead, he believed it would be prudent to focus on cross-examining Veal on his identification of Porter.

The PCR court concluded that counsel's decision was tactical and sound trial strategy because Adams "was a paramour of Defendant and in his experience, this would

---

[1]    Porter's argument focuses on trial counsel's failure to explore Adams's alibi evidence, but he also briefly argues that counsel provided ineffective assistance by failing to investigate and call Lundy and Adams regarding the alleged friendship between Porter and Ashford. As discussed in Section II. B., *infra*, trial counsel did not prejudice Porter by failing to investigate or utilize the irrelevant and speculative evidence of the alleged friendship. Therefore, we need not discuss the decision to exclude the testimony of Lundy and Adams on this issue under the first *Strickland* prong. *Strickland*, 466 U.S. at 697 (providing that a court may address the performance and prejudice prongs in any order and need not address both prongs "if the defendant makes an insufficient showing on one").

6

not be favorable for a defendant," and that Porter had told him "she did not have a good recollection of what happened." App. 85. The PCR court also concluded after hearing Adams's testimony that she was incredible, and it did not believe she was with Porter on the night in question. Porter argues that Adams's evidentiary hearing testimony shows she had a good recollection of the night in question. However, the PCR court's conclusion to the contrary was not unreasonable since Adams's testimony shows that, other than that Porter picked her up from work at around 10 p.m. and they slept together, she did not recall many other details from the time in question.

Based on trial counsel's significant experience, he believed that Adams would have been a poor witness and that attacking Veal's identification of Porter would be more persuasive to the jury. Such a decision is within the realm of reasonableness and does not violate the dictates of *Strickland*. *See Strickland*, 466 U.S. at 691 ("[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."); *Lewis v. Mazurkiewicz*, 915 F.2d 106, 111 (3d Cir. 1990) (providing that counsel "may properly rely on information supplied by the defendant in determining the nature and scope of the needed pretrial investigation"). In concluding that trial counsel's decision not to call Adams as an alibi witness was reasonable and not an error "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," the PCR court did not apply the first prong of *Strickland* in an objectively unreasonable manner. *Strickland*, 466 U.S. at 687. Similarly, after having reviewed the record, and in light of the significant deference due, we cannot say that the PCR court's analysis of the

7

first *Strickland* prong "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. Because Porter fails to meet the first prong of *Strickland*, we need not reach whether Adams's exclusion also prejudiced Porter. *See Strickland*, 466 U.S. at 697.

**B.     The PCR court did not unreasonably apply the prejudice prong of *Strickland* in determining that trial counsel did not provide ineffective assistance in failing to present the friendship evidence and the district court did not abuse its discretion by declining to hold an evidentiary hearing on that evidence**

Porter contends that the lack of friendship testimony from Lundy and Adams prejudiced him in violation of *Strickland* and that the district court abused its discretion by failing to address his request for an evidentiary hearing thereon.

A district court is required to hold an evidentiary hearing only when the petitioner presents a prima facie showing that "a new hearing would have the potential to advance the petitioner's claim." *Siehl v. Grace*, 561 F.3d 189, 197 (3d Cir. 2009) (quoting *Campbell v. Vaughn*, 209 F.3d 280, 286-87 (3d Cir. 2000)). In other words, the petitioner must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of [his trial] would have been different." *Id.* (alteration in original) (quoting *Hull v. Kyler*, 190 F.3d 88, 110 (3d Cir. 1999)). This is the same inquiry used in the prejudice prong of *Strickland*. 466 U.S. at 694. Thus, if Porter was not prejudiced by the exclusion of the friendship testimony because its inclusion could not have changed the results of an otherwise fair trial, the district court could not have abused its discretion by declining to hold an evidentiary hearing on the same evidence.

8

Porter claims that trial counsel's failure to call Lundy and Adams at trial regarding the alleged friendship was without justification and that, had counsel produced them, Veal's identification of Porter would have been undermined and there would have been a reasonable probability of a different outcome. Thus, Porter claims that he was prejudiced by the absence of the friendship evidence and argues that he has made a prima facie showing that a new hearing would have the potential to advance his claim.

Regarding the PCR court's refusal to permit Lundy to testify at the evidentiary hearing on the alleged friendship between Porter and Ashford and limiting Adams's testimony to the alibi evidence, the PCR court ruled that "an evidentiary hearing would not be helpful" and that counsel's decision not to proffer Lundy's friendship testimony "was likely sound trial strategy that would not have changed the outcome of the proceedings." App. 87.

Even if Lundy and Adams had testified that the friendship existed, any testimony regarding how Veal might have reacted to Porter if they were in fact friends is pure speculation which would have been inadmissible. Indeed, the PCR court initially concluded that the trial court "would not have allowed the testimony because the fact they were friends is not probative." App. 112. Moreover, the New Jersey Supreme Court specifically found that Porter had not established a prima facie showing that a hearing regarding Lundy and the testimony of friendship was warranted, *Porter*, 80 A.3d at 740, and Porter did not present any evidence on remand that would have changed that conclusion.

Thus, Porter has failed to establish that the PCR court unreasonably applied the prejudice prong of *Strickland* in determining that trial counsel was not ineffective for failing to investigate and call Lundy and Adams to testify regarding the alleged friendship, as this evidence would have been speculative, irrelevant, and inadmissible in nature. *See Strickland*, 466 U.S. at 694 (providing that under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Counsel's failure to present the irrelevant evidence did not deprive Porter of a fair, reliable trial and, thus, did not prejudice him under *Strickland*. *Id.* at 687.

Given that the friendship evidence could not have changed the outcome of the case, the district court did not abuse its discretion by not holding an evidentiary hearing on this evidence since it had no potential to advance Porter's claims. *Siehl*, 561 F.3d at 197.

Because the PCR court did not apply the prejudice prong of *Strickland* in an objectively unreasonable manner, and the district court did not abuse its discretion by declining to hold an evidentiary hearing on irrelevant information, habeas relief is also not warranted on these grounds.

### III.     Conclusion

For the foregoing reasons, we will affirm the district court's denial of Porter's Section 2254 petition for a writ of habeas corpus.

10